# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------------x

STEVEN NOVICK,

                Plaintiff,

against

AMAZON.COM, INC., AMAZON.COM SALES,
INC., and AMAZON.COM SERVICES, LLC,

                Defendants.

-------------------------------------------------------------------x

Index No.: 614375/2025

Date Purchased: 7/3/2025

SUMMONS

Plaintiff designates Nasau
County as the place of trial.

The basis of venue is plaintiff's
address: 3 Nome Drive,
Woodbury, New York

To the above-named defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of
your answer, or if the complaint is not served with this summons, to serve a notice of appearance
on the Plaintiff's attorneys within 20 days after the service of summons, exclusive of the day of
service, where service is made by delivery upon you personally within the state, or, within 30 thirty
days after completion of service where service is made in any other manner. In case of your failure
to appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: New York, New York
      July 2, 2025

                                Yours,

                                EDELMAN, KRASIN & JAYE, PLLC

By:       _____
                                Colin Rathje, Esq.
                                Attorneys for Plaintiff
                                7001 Brush Hollow Road, Suite 100
                                Westbury, New York 11590
                                (516) 742-9200
                                crathje@ekjlaw.com

To:
      AMAZON.COM, INC.: 410 Terry Avenue North, Seattle, WA 98109

      AMAZON.COM SALES, INC.: Via Secretary of State

AMAZON.COM SERVICES, LLC: Via Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

----------------------------------------------------------------x

STEVEN NOVICK,

        Plaintiff,

against

AMAZON.COM, INC., AMAZON.COM SALES,
INC., and AMAZON.COM SERVICES, LLC,

        Defendants.

----------------------------------------------------------------x

Index No.:  614375/2025

VERIFIED COMPLAINT

Plaintiff, by his attorneys, Edelman, Krasin & Jaye, PLLC, complaining of the defendants herein, alleges upon information and belief:

1.     At all relevant times, plaintiff STEVEN NOVICK, was and is a resident of Nassau County, State of New York.

2.     That at all relevant times hereinafter mentioned, AMAZON.COM, INC. was and still is a foreign company authorized to do business in New York.

3.     That at all times hereinafter mentioned and prior thereto, and on a prior to March 30, 2023, AMAZON.COM, INC. did and still does transact business within the State of New York.

4.     Upon information and belief, AMAZON.COM, INC. expected or should reasonably have expected the acts complained of herein to have consequences in the State of New York and the defendant did and does derive substantial revenue from interstate and/or international commerce.

5.     That at all relevant times hereinafter mentioned, AMAZON.COM SALES, INC. was and still is a foreign company authorized to do business in New York.

6.      That at all times hereinafter mentioned and prior thereto, and on a prior to March 30, 2023, AMAZON.COM SALES, INC. did and still does transact business within the State of New York.

7.      That at all relevant times hereinafter mentioned, AMAZON.COM SERVICES LLC was and still is a foreign company authorized to do business in New York.

8.      Upon information and belief, AMAZON.COM SERVICES LLC expected or should reasonably have expected the acts complained of herein to have consequences in the State of New York and the defendant did and still does derive substantial revenue from interstate and/or international commerce.

9.      That at all times hereinafter mentioned and prior thereto, and on a prior to March 30, 2023, AMAZON.COM SERVICES LLC did and still does transact business within the State of New York.

10.     Upon information and belief, AMAZON.COM SERVICES LLC expected or should reasonably have expected the acts complained of herein, to have consequences in the State of New York and the defendant derives substantial revenue from interstate and/or international commerce.

11.     At all times hereinafter mentioned. defendants operated an online marketplace for consumers at amazon.com. that included listings for consumer products, as that term is defined at Section 3(a)(5) of the Consumer Product Safety Act and 15 U.S.C. §2052(a)(5).

12.     Through the above-referenced web site, defendants offered an e-commerce marketplace in which defendants and their users could connect with consumers via the internet, expanding sales opportunities beyond traditional brick-and-mortar and direct retail sales channels.

13.    At all times hereinafter mentioned. defendants were in the business of marketing. promoting. selling. distributing. delivering and otherwise placing into the stream of commerce, hundreds of millions of unique products. including but not limited to the Recredo brand "Resistance Bands Set 13pcs, Workout Bands Recredo, Exercise Bands Set with Door Anchor, Handles and Ankle Straps, Stackable Up to 150 lbs, for Resistance Training, Physical Therapy, Home Workouts" (the product) in the State of New York and elsewhere. Reference is made to the amazon.com web page seen at url https://web.archive.org/web/20210725221239/amazon.com/gp/product/B087CYBZDX.

14.    According to defendant defendants' order tracking details for the product purchased by plaintiff, the product was allegedly sold by zxki store, a/k/a A27LXWCJWSR9EA.

15.    Plaintiff purchased the product on amazon.com on August 25, 2021.

16.    That at all times hereinafter mentioned. it was the duty of the defendants, their servants, agents and/or employees to ensure that the subject product was properly and adequately manufactured, designed, constructed, produced, tested, inspected, sold, repaired, distributed, and that it be free from any defects and safe for the purpose intended.

17.    On March 30, 2023, plaintiff used the product in accordance with the packaging and instructions.

18.    While using the product as described above, the product failed, causing serious injury to the plaintiff.

19.    The foregoing facts and allegations are incorporated by reference in each cause of action set forth below.

FIRST CAUSE OF ACTION - NEGLIGENCE

20. The product was defectively designed, manufactured, fabricated, tested, labeled, inspected, marketed, distributed, promoted, and sold by the defendants.

21. As sold by the defendants, the product was inherently dangerous, defective, unsafe, and unfit for use as intended.

22. As distributed by the defendants, the product was inherently dangerous, defective, unsafe, and unfit for use as intended.

23. The product was defective and unreasonably dangerous when defendants placed it into the stream of commerce.

24. That the aforesaid occurrence was due to the negligence of the defendants, their agents. servants and/or employees in the design, manufacture, production, assembly, marketing, distribution and sale to the public of the product.

25. By reason of the foregoing, plaintiff was caused to be injured.

26. The defects in the product were a proximate cause of the plaintiff's injuries and damages.

27. That the foregoing occurrence and the injuries to the plaintiff were caused solely by the reason of the carelessness, recklessness and negligence on the part of the defendants without any negligence on the part of the plaintiff contributing thereto.

28. By reason of the foregoing, plaintiff is entitled to recover for all injuries and damages from the defendants.

29. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

SECOND CAUSE OF ACTION – BREACH OF WARRANTY

30.    The defendants warranted and represented, both expressly and impliedly, that the product was reasonably safe, fit for its intended purpose and reasonably foreseeable use and of merchantable quality. See. UCC §2-314 and 2-315.

31.    Plaintiff relied upon the skill and judgment of the defendants and upon the aforesaid warranties and representations and expected that the product was reasonably safe and fit for the purpose for which it was intended, used and supplied.

32.    The defendants' representations and warranties were false and misleading and were breached because the product was defective, hazardous. dangerous, not reasonably safe, not fit for its intended or reasonably foreseeable uses, not of merchantable quality, and did not meet the expectations of consumers. including the plaintiff.

33.    The product was not fit for the purpose for which it was intended; the product was defective and not properly formulated; it was not properly prepared; was comprised of improper and inferior materials; was designed to fail when properly used; was of inferior quality; was not properly inspected prior to being manufactured, sold or distributed; failed to contain proper and adequate warnings.

34.    The product was defective at the time of its manufacture, formulation, production, distribution and sale to the public.

35.    Thus, the defendants breached their express and implied warranties.

36.    The defendants knew, or in the exercise of ordinary care should have known, that the product as manufactured, formulated, produced, distributed and sold was unfit, defective, dangerous and unsafe.

37.    The aforesaid incident and resultant injuries to the plaintiff were caused, occasioned and contributed to by reason of the defective, unmerchantable, dangerous, unfit and unsafe condition of the product.

38.    The defendants' breaches were a proximate cause of the injuries and damages suffered by the plaintiff as set forth above.

39.    By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants.

40.    Defendants are liable to plaintiff by reason of their breaches of warranty, and pursuant to the doctrine of strict products liability.

41.    By reason of the foregoing, the plaintiff is entitled to recover damages from defendants in an amount in excess of the monetary jurisdictional limits of any and all lower courts that would otherwise have jurisdiction. in an amount to be determined upon the trial of this action.

THIRD CAUSE OF ACTION – FAILURE TO WARN

42.    Prior to March 30, 2023. the defendants, their agents, servants and/or employees packaged for distribution, supply and marketing to the public the product.

43.    Prior to March 30, 2023. the defendants, their agents, servants and/or employees labeled for distribution. supply and marketing to the public the product.

44.    Prior to March 30, 2023, the defendants, their agents. servants and/or employees knew or should have known that the product was subject to failure and by such failure to cause significant injury.

45.    Prior to March 30, 2023, and thereafter, the defendants, their agents, servants and/or employees failed to warn the public, and in particular. the plaintiff herein. about the serious consequences in using the product.

46. Prior to March 30, 2023 and thereafter, the defendants, their agents, servants and/or employees placed the product into the stream of commerce with negligent disregard for the public safety in that defendants failed to properly label the product and falsely misled potential users as to the safety of said product.

47. The defendants failed to provide the aforesaid product's label with adequate. sufficient and detailed warnings and/or information concerning the harms or potential harms of and dangers in the use of product.

48. The aforesaid product was defective by its reason of its failure to warn.

49. The defendants had a duty to use reasonable care to give adequate warning of the dangers that they knew or, in the use of reasonable care, should have known existed by such use.

50. The defendants was careless and negligent in designing, manufacturing, assembling, testing, labeling, inspecting, marketing, distributing, monitoring, promoting, and selling the product; in marketing and selling a product which caused injury to the plaintiff, in causing and failing to prevent severe injuries by the product; in falsely advertising the purported benefits of the product: in failing to convey the risks of the product that it would and/could fail and cause significant injury; in conveying false benefits of the product; in launching a force or instrument of harm; in violating all applicable statutes, rules and regulations; in failing to remove the product from defendants' website despite actual knowledge of its dangers; in marketing and selling a defective product despite being on actual notice of its dangers; and defendants were otherwise, careless and negligent.

51. The defendants failed to warn that the product was of inferior quality, dangerous, and could cause serious harm; created a dangerous condition; and failed to recall or remove the product from their website.

52. The defendants' negligence was a proximate cause of the damages suffered by plaintiff as set forth above.

53. By reason of the foregoing. plaintiff is entitled to recover all of his damages from the defendants.

54. By reason of the foregoing, plaintiff is entitled to recover damages from the defendants in an amount in excess of the monetary jurisdictional limits of any and all lower courts that would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

## FOURTH CAUSE OF ACTION – STRICT LIABILITY IN TORT

55. Defendants, by their agents, servants and/or employees, supervised the sale of the aforesaid product, including, but not limited to, its component parts.

56. Defendants, by their agents, servants and/or employees, manufactured the sale of the aforesaid product including, but not limited to, ts component parts, in an unsafe, hazardous and defective condition.

57. Defendants. by their agents, servants and/or employees, sold the aforesaid product including, but not limited to, its component parts, in an unsafe, hazardous and defective condition.

58. Defendants, by their agents, servants and/or employees, supplied and sold the aforesaid product including, but not limited to, its component parts, in an unsafe, hazardous and defective condition.

59. Defendants, by their agents, servants and/or employees, assembled and sold the aforesaid product including, but not limited to, its component parts, in an unsafe, hazardous and defective condition.

60. Defendants, by their agents, servants and/or employees, inspected and sold the aforesaid product including, but not limited to, its component parts, in an unsafe, hazardous and defective condition.

61. Defendants, by their agents, servants and/or employees, sold the aforesaid product including, but not limited to, its component parts, in an unsafe, hazardous and defective condition.

62. Defendants, by their agents, servants and/or employees, instructed the sale of the aforesaid product including, but not limited to, its component parts, in an unsafe, hazardous and defective condition.

63. Defendants, by their agents, servants and/or employees, supervised the sale of the aforesaid product including, but not limited to, its component parts, in an unsafe, hazardous and defective condition.

64. As a direct and proximate result of the foregoing, the plaintiff sustained the serious, protracted and permanent injuries complained of herein.

65. By reason of the foregoing, the plaintiff is entitled to recover damages from defendants in an amount in excess of the monetary jurisdictional limits of any and all lower courts that would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

66. Each of the above causes of action falls within one or more of the exceptions set forth in CPLR § 1602.

WHEREFORE, plaintiff demands judgment against defendants on each cause of action, in an amount which exceeds the monetary jurisdictional limit of any lower court that would otherwise

have jurisdiction, in an amount to be determined upon the trial of this action, together with the

costs and disbursements of the action.

Dated: Westbury, New York
      July 3, 2025

                                       Colin Rathje, Esq.
                                       Edelman, Krasin & Jaye, PLLC
                                       Attorneys for Plaintiff
                                       7001 Brush Hollow Road
                                       Suite 100
                                       Westbury, New York 11590
                                       (516) 742-9200
                                       crathje@ekjlaw.com

## VERIFICATION

I, STEVEN NOVICK, affirm this 3rd day of July, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true to my knowledge, except as to matters alleged on information and belief, and that as to those matters I believe it to be true.  I understand that this document may be filed in an action or proceeding in a court of law.

STEVEN NOVICK